THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Respondent,<br><br> v.<br><br>EDDIE V. CLAY,<br><br>         Petitioner. | Criminal No. 3:09-CR-67<br>Civil No. 3:12-CV-193 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Motion") filed by Respondent United States of America ("the Government"). ECF No. 71. For the reasons stated below, the Court will GRANT the Government's Motion, ECF No. 71, and DISMISS *pro se* Petitioner Eddie V. Clay's ("Clay") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") as time-barred, ECF No. 68. Further, the Court will DENY a Certificate of Appealability. Accordingly, the Court will DENY AS MOOT Clay's "Reply Motion." ECF No. 72.

**I. BACKGROUND**

On March 3, 2009, Clay was indicted by a grand jury sitting in the Eastern District of Virginia. ECF No. 1. The Indictment alleged three counts: Possession with the Intent to Distribute a Detectable Amount of Cocaine Base ("count one"), in violation of 21 U.S.C. § 841; Possession of a Firearm in Furtherance of a Drug Trafficking Crime ("count two"), in violation of 21 U.S.C. § 924(c); and, Possession of a Firearm by Felon ("count three"), in violation of 18 U.S.C. § 922(g)(1). *Id.* Clay made his first appearance on the Indictment on March 17, 2009. On May 5, 2009, the grand jury returned a Superseding Indictment with one additional count: Distribution of Cocaine Base ("count four"), in violation of 21 U.S.C. § 841. ECF No. 18. Clay

1

was arraigned on the Superseding Indictment on May 12, 2009. ECF No. 25. On the same day as the arraignment, the Court heard evidence and argument, ECF No. 26, on Clay's Motion to Suppress, ECF No. 20, and Motion to Disclose the Confidential Informant, ECF No. 21. The Court denied both motions. ECF No. 27.

Clay pled guilty to counts one, three, and four and proceeded to trial on count two. *See* ECF Nos. 38, 39. On July 23, 2009, Clay was convicted of count two. ECF No. 40. Clay was sentenced on October 19, 2009 to a total term of 36 months' imprisonment on counts one, three, and four, 60 months' imprisonment on count two, to run consecutively, three years supervised release, and a $400 total special assessment. ECF No. 52.

Clay timely appealed his conviction for count two to the United States Court of Appeals for the Fourth Circuit on October 22, 2009. ECF No. 51. The Fourth Circuit affirmed the decision of this Court. ECF No. 66. On January 5, 2011, Clay filed a petition for writ of certiorari with the United States Supreme Court. The petition for writ of certiorari was denied on February 22, 2011.

On March 13, 2012, Clay filed his § 2255 Motion, in which he alleges three grounds for relief:

| | |
|---|---|
| Ground One: | Petitioner is not a felon in violation of 18 U.S.C. § 922(g)(1) |
| Ground Two: | "Ineffective assistance of counsel when the defendant was sentenced under the 2k2.1(b)(6) for possession of a firearm and a 924(c) which is prohibited" |
| Ground Three: | "Ineffective assistance of counsel when the counsel failed to object to the Sixth Amendment violation of which was included in the defendant's sentence calculation in violation of *Gideon v. Wainwright*" |

ECF No. 68; *see* ECF No. 69. On March 20, 2012, the Government filed the instant Motion, arguing that Clay's § 2255 Motion is time barred. ECF No. 71. Clay replied, ECF No. 72, and the matter is now ripe for decision.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court should generously interpret Dyson's factual allegations and legal contentions.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003); *United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000)

("[F]or a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits. After the Supreme Court does either of these two things, the defendant's judgment of conviction is final because literally nothing more occurs on direct review.").

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. 418); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

### III. DISCUSSION

#### a. Parties' Arguments

Clay's judgment became final on February 22, 2011. The Government argues that Clay had one-year from that date in which to file his federal habeas petition. ECF No. 71 at 3. Clay's § 2255 Motion is dated March 8, 2012. ECF No. 68 at 13. The Government underscores that Clay signed "under penalty of perjury" that he placed his § 2255 Motion in the prison mailing system on that date. ECF No. 71 at 3 (citing ECF No. 68 at 13). The Government argues that Clay's § 2255 Motion became final when he placed it into the prison's mail system and, as such, Clay filed his § 2255 Motion fifteen (15) days beyond the statute of limitations. *Id.* at 4. The Government points out that Clay's Memorandum in Support of his § 2255 Motion lists a date of

4

"February 17, 2012" on the certificate of service. *Id.* (citing ECF No. 69 at 5). The Government argues that, because both the § 2255 Motion and Memorandum in Support were mailed together to the Clerk's Office, it appears that the March 8, 2012 mailing date on the § 2255 Motion is accurate. *Id.* Moreover, the Government asserts that this Court should not consider the February 17, 2012 date listed on Clay's certificate of service included in his Memorandum in Support of his § 2255 Motion because it does not comport with the requirements of 28 U.S.C. § 1746 as it is not signed under the penalty of perjury. *Id.* Accordingly, because the limitation period ran before Clay filed his § 2255 Motion, the Government asserts that the statute of limitations bars the § 2255 Motion unless Clay demonstrated entitlement to equitable tolling. The Government submits that Clay does not appear to raise any equitable tolling argument and, in any case, no basis for equitable tolling exists in the instant case. *Id.*

In response, Clay briefly argues that he mailed the § 2255 Motion on February 17, 2012, not March 8, 2012. ECF No. 72 at 2. He claims that the § 2255 Motion was timely filed on February 17, 2012 "based on the records of both Fort Dix and the United States District Court." *Id.*

### IV. ANALYSIS

To determine if Clay's § 2255 Motion is time-barred, the Court must determine the date on which the statute of limitations began to run. Clay's judgment became final on February 22, 2011, the date upon which the Supreme Court denied his application for certiorari. *See* 2255(f); *Torres*, 211 F.3d at 839. Clay had one-year from that date—*i.e.*, until February 22, 2012—in which to file his § 2255 Motion.

Clay's § 2255 Motion is dated March 8, 2012. ECF No. 68 at 13. He signs, "under the penalty of perjury," that he placed his § 2255 Motion in the prison mailing system on that date. *Id.* Under the "prisoner mailbox rule," a *pro se* defendant's habeas motion is deemed filed when placed into the prison's mail system. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). On March 8, 2012, Clay was 15 days beyond the statute of limitations. To obtain the benefit of the

prisoner mailbox rule, an inmate must include "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement" that the item was mailed on the date of deposit and state that first class postage has been prepaid. Rule 3(d), Fed. R. Governing § 2255 Proceedings. Here, Clay's declaration of mailing the § 2255 Motion on March 8, 2012 comports with the requirements of 28 U.S.C. § 1746 because it states "under the penalty of perjury." ECF No. 68 at 13. On the other hand, Clay's Memorandum in Support of his § 2255 Motion does not comport with the requirements of 28 U.S.C. § 1746 because Clay did not sign under the penalty of perjury. ECF No. 69 at 5. Thus, the Court will not consider the February 17, 2012 date listed on Clay's certificate of service contained in his Memorandum in Support. Instead, March 8, 2012 is deemed the accurate mailing date.

Accordingly, because the limitation period ran before he filed this § 2255 Motion, the statute of limitations bars the § 2255 Motion unless Clay demonstrates entitlement to equitable tolling. Neither Clay nor the record suggests any plausible basis for equitable tolling. Therefore, since Clay did not file his § 2255 Motion until March 8, 2012, his § 2255 Motion is untimely.

### V.     **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Clay has not satisfied this standard.

### VI.    **CONCLUSION**

For the aforementioned reasons, the Court will GRANT the Government's Motion

to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 71, DISMISS Clay's § 2255 Motion, ECF No. 68, and DENY a Certificate of Appealability. Accordingly, the Court will DENY AS MOOT Clay's "Reply Motion." ECF No. 72.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Clay. An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this  20th  day of March 2015.